Court of Appeal,
PARISH OF ORLEANS
JUN 21/21
Tansbury

NO. 7985

**7985**

STATE OF LOUISIANA

NATALIE MAESTRI

COURT OF APPEAL

VS

LA. RAILWAY & NAVIGATION CO.  PARISH OF ORLEANS.

---------------------

**7985**

St. Paul, Judge.

Plaintiff seeks to recover for the death of four mules out of a carload lot, and for medical care of the others, due to alleged neglect and ill treatment during transportation; towit, that they were confined in cars during illegal and excessive periods without unloading for rest, water and food; were given unsound, impure, unhealthy food and water whilst in transit; and permitted to partake of other dangerous and unwholesome substances.

There is some conflict in the testimony as to whether the mules were made sick by something they had eaten in the course of transportation, or because of having been allowed by defendant to drink excessive quantities of water after being unloaded; and the preponderance of the evidence inclines to the latter.

But, be that as it may, the evidence shows that whatever the cause of the death and sickness of these mules, it was not due to any fault or negligence of the defendant.

I.

The mules were loaded at Alexandria La, by a U. S. Government Agent. and after thirty-six hours confinement were unloaded at Angola, La. into clean stock pens, where they were fed with hay of the best quality, given the purest Artesian water to drink, and rested full twenty four

hours. They were then reloaded and delivered to the consignee
(plaintiff) at New Orleans, La, within the next thirty six
hours; the whole being in exact accordance with the terms
of the bill of lading and in strict compliance with the
regulations of the Interstate ~~Commission~~ *Commerce* and State Railroad
Commissions.

II.

This much disposed of, the gravamen of plaintiff's
complaint is that, the mules becoming hungry whilst
confined in the cars, ate of the straw which had been
placed therein as bedding or foot-hold for the animals,
and which had become foul with their urine and excrement;
whereby they contracted ptomaine poisoning of which they
sickened and some died.

In the first place, the evidence tends to show that
the fresh urine and excrement of mules, who are
purely gramnivorious, do not contain ptomaines, which are
formed only in putrefaction; and that such urine and
excrement will not putrify even in a much longer time than
four days, especially when constantly exposed to the open
air.

And again, the fact is that the cars were so bedded
by the shipper, and not by the defendant; and with material
generally used for that purpose. So that the defendant could
not be at fault; for if there was any negligence therein

it was the shipper's and not the defendant's; but indeed there was clearly no negligence at all under the circumstances.

There can therefore be but one point about which a question might possibly arise; viz, whether or not the bedding should have been changed by defendant from time to time as it became more or less foul. But the negative of this proposition is doubly apparent in this case. I. The voyage here was a short one, and it is not shown, nor does it seem reasonable, that in so short a voyage, it is either necessary, or customary or feasible to clean out stock cars and renew the bedding. and 2. The regulations of the Interstate Commerce and State Railroad Commissions require that shippers of livestock in car load lots (as here) must themselves care for such shipments in transit, and are entitled to free transportation for that purpose. So that if these mules did not receive in transit that degree of care which plaintiff seems to have expected, he has only himself to complain of for not having accompanied the mules personally or by an employee.

The judgment below was for defendant and seems to us correct.

Judgment Affirmed.